UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BLUE SPIKE, LLC**,

Plaintiff,

v.

**ADOBE SYSTEMS, INC., ET AL.**,

Defendants.

Case No. 14-cv-01647-YGR

**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**

Re: Dkt. No. 64

Plaintiff's administrative motion to seal at Docket Number 64 is hereby **DENIED WITHOUT PREJUDICE**.

Two different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010). For most judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id*. (*citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Kamakana,* 447 F.3d at 1179-80. The Rule 26(c) "good cause" standard applies to documents submitted in connection with non-dispositive motions, such as discovery motions, which the court may seal "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos,* 565 F.3d at 1116.

Parties must provide sufficient support for sealing the material at issue. *See* Civil Local Rule 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection

1  under the law . . . .  The request must be narrowly tailored to seek sealing only of sealable material
2  . . . ."); Civil Local Rule 79-5(d)(1)(A) (requiring "[a] declaration establishing that the document
3  sought to be filed under seal, or portions thereof, are sealable").
4        Here, the declaration provided lacks sufficient detail supporting the request.  (Dkt. No. 64-
5  1.)  General reference to a "confidentiality agreement between the parties" that neither party has
6  "agreed to waive," with no additional showing of the need for sealing the material at issue, is
7  insufficient to justify the request.  (*Id*. ¶ 2.)  Moreover, the motion fails to provide a satisfactory
8  explanation for the need to seal the third-party communications at issue.  (*Id*. ¶ 3.)
9        This Order terminates Docket Number 64.
10        **IT IS SO ORDERED.**
11  Dated: March 29, 2015

                                  _____
                                  **YVONNE GONZALEZ ROGERS**
                                  **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California