UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **BLUE SPIKE, LLC**,<br><br>                    Plaintiff,<br><br>        v.<br><br>**ADOBE SYSTEMS, INC.**,<br><br>                    Defendant. | Case No.  14-cv-01647-YGR<br><br>**ORDER RE: MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 61 |

On February 6, 2015, plaintiff Blue Spike, LLC filed a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  (Dkt. No. 61 ("Mot.").) Defendant Adobe Systems, Inc. opposed the motion, arguing: (1) dismissal should be with prejudice; (2) judgment should be entered on the defendant's counterclaims; and (3) the defendant should be permitted to seek recovery of its attorneys' fees and costs.  (Dkt. No. 62 ("Oppo.").)[1]

Having carefully considered the papers submitted and the record in this case, and good cause shown, the Court hereby **DISMISSES** the plaintiff's claims **WITH PREJUDICE**.

_____

[1] The plaintiff's reply brief was not properly before the Court, one example of the plaintiff's disregard for local rules.  By the deadline, the defendant had only publicly filed a redacted version of its brief with an accompanying motion to seal.  (Dkt. Nos. 64, 65.)  The Court thereafter denied the motion to seal without prejudice on March 27, 2015.  (Dkt. No. 68.) Pursuant to Civil Local Rule 79-5(f)(2), "[i]f the Administrative Motion to File Under Seal is denied in its entirety, the document sought to be sealed will not be considered by the Court unless the Submitting Party files an unredacted version of the document within 7 days after the motion is denied."  The plaintiff filed neither a renewed motion to seal nor an un-redacted version of the document within that time frame.  However, on April 24, 2015—nearly a month later—the *defendant* filed a renewed motion to seal, seeking to seal only limited portions of exhibits submitted in conjunction with the plaintiff's reply containing the defendant's proprietary financial information, disclosure of which would purportedly cause it competitive harm.  (Dkt. No. 70.) Because the delay may have been, in part, due to the defendant's conduct, the Court nevertheless considered the plaintiff's reply brief (Dkt. No. 73) despite a technical violation of Civil Local Rule 79-5(f)(2).  Moreover, the Court finds compelling reasons to seal the substantially narrower selection of material identified in the defendant's renewed motion (Dkt. No. 70) and therefore **GRANTS** that motion.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## I.    BACKGROUND

The plaintiff initiated this action in the Eastern District of Texas on August 22, 2012, asserting four patents purportedly relating to "signal abstracting," encompassing techniques such as "signal fingerprinting," "acoustic fingerprinting," or "robust hash functions."  (Dkt. No. 1 ("Complaint") ¶ 21.)  According to the complaint, those methods are "among the most effective" available for "combating piracy" of intellectual property.  (*Id.*)  For instance, those techniques can enable "[c]ontent owners [to] monitor and analyze distribution channels, such as the Internet, radio broadcasts, television broadcasts, and other media sources, to determine whether any content from those sources has the same abstract as their catalogued works," allowing ready identification of "unauthorized copies."  (*Id.* ¶ 23.)

On March 13, 2014, the case was ordered transferred to this District.  (Dkt. No. 14.)  On September 14, 2014, the plaintiff filed an amended complaint, asserting infringement of a fifth patent.  (Dkt. No. 43 ("FAC").)  The defendant's answer to the amended complaint asserted counterclaims seeking declaratory judgment of non-infringement and invalidity as to all five patents.  (Dkt. No. 45.)

At the case management conference held on July 28, 2015, the parties discussed the initial set of infringement contentions ("ICs") the plaintiff had served, prior to transfer, under the Eastern District's local rules.  The plaintiff acknowledged that the "kitchen sink approach" it had previously taken—asserting all 114 claims of each of the four patents then at issue—"won't happen again."  (Dkt. No. 42 (Tr.) at 18:11-25.)  The Court warned the plaintiff that it had to "comply with our rules."  (*Id.* at 15:13-15 ("If that means that you have to redo the infringement contentions, then so be it. . . . [Y]ou're following our rules, not Texas' rules.")

On September 26, 2015, Magistrate Judge Corley granted the defendant's motion to strike the plaintiff's new set of ICs for failure to comply with this District's Patent Local Rules in a number of important respects.  (Dkt. No. 57.)  Due to the various deficiencies detailed in that order, the plaintiff's contentions were stricken in their entirety.  (*Id.*)  The ICs were stricken *without leave to amend* as to: (1) all but one accused product, (2) the doctrine of equivalents, (3) any claimed priority date earlier than September 7, 2000, (4) indirect infringement, and (5)

1  willfulness.  (*Id*.)  The plaintiff was given until February 6, 2015 to submit amended infringement

2  contentions addressing solely "its claims of direct infringement by [the] Adobe Auditude" product.

3  (*Id*.)  Instead of doing so, on February 6, 2015, the plaintiff filed the instant motion for voluntary

4  dismissal.

5  **II.    LEGAL STANDARD**

6      Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part:

7          [A]n action may be dismissed at the plaintiff's request only by court
        order, on terms that the court considers proper.  If a defendant has
8          pleaded a counterclaim before being served with the plaintiff's
        motion to dismiss, the action may be dismissed over the defendant's
9          objection only if the counterclaim can remain pending for
        independent adjudication.   Unless the order states otherwise, a
10         dismissal under this paragraph . . . is without prejudice.

11      Thus, the rule "allows a plaintiff, pursuant to an order of the court, and subject to any

12  terms and conditions the court deems proper, to dismiss an action without prejudice at any time."

13  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

14      In ruling on a motion under Rule 41(a)(2), the Court must determine: (1) whether to grant

15  dismissal; whether dismissal should be with, or without, prejudice; and (3) "what terms and

16  conditions, if any, should be imposed."  *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538,

17  539 (N.D. Cal. 2005).  The Court addresses each in turn.

18  **III.    DISCUSSION**

19      **A.    Whether to Allow Dismissal**

20      A motion for voluntary dismissal should be granted absent a showing by the defendant that

21  it will suffer resulting "legal prejudice," which is "prejudice to some legal interest, some legal

22  claim, [or] some legal argument."  *See Optimal Markets, Inc. v. FTI Consulting, Inc.*, No. 08-5765

23  SC, 2009 WL 1704665, at *2 (N.D. Cal. June 17, 2009).  Here, both parties agree that the

24  plaintiff's claims should be dismissed—the only disputes relate to whether the dismissal should be

25  with or without prejudice, whether judgment should enter on the defendant's counterclaims, and

26  whether the defendant should be awarded attorneys' fees and costs.  Therefore, the Court finds

27  that dismissal of the plaintiff's claims is warranted.

28

*United States District Court*
*Northern District of California*

3

United States District Court
Northern District of California

1

**B.    Whether the Dismissal Should Be With Prejudice**

The plaintiff moved to dismiss its claims *without* prejudice.[2] "Dismissal *with* prejudice may be appropriate where 'it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action,'" such as where the plaintiff waits until the defendant "is on the verge of triumph" before moving for voluntary dismissal. *Williams*, 227 F.R.D. at 539-40 (emphasis added). The Court may consider the following factors in addressing this question: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.*

Here, the Court finds that dismissal should be with prejudice. The plaintiff's motion, filed in lieu of complying with the deadline for amending its infringement contentions, is a transparent attempt to circumvent the impact of Judge Corley's ruling. The plaintiff seeks to avoid the imminent consequences of its failure to comply with the local rules, despite previous admonishment by the Court to do so. As to the first factor, while this case has yet to proceed through discovery or claim construction, it has been pending for almost three years and the defendant has engaged in substantial motion practice. Second, the plaintiff's conduct in connection with this case has been the antithesis of diligent. The plaintiff failed to serve proper infringement contentions in a case that it filed back in August of 2012 and that was transferred to this district more than a year ago. The plaintiff also failed to move for voluntary dismissal in a timely fashion once it became apparent that it would be unable to serve sufficient infringement contentions.[3] Finally, the plaintiff has failed to provide a sufficient explanation for the basis for its request. The plaintiff argues it moves for dismissal because it "just received instruction from the

_____

[2] The plaintiff also perfunctorily requested dismissal of the defendant's counterclaims.

[3] For instance, in its reply brief, the plaintiff represents that it first offered to dismiss this case as early as August 2013—perhaps realizing its case lacked merit. (*See* Dkt. No. 73 at 1.) The primary sticking point in the negotiations may have been whether the plaintiff would reimburse the defendant's attorneys' fees and costs. (*Id.*) While the plaintiff argues the defendant is to blame for its continued prosecution of this case since then, the plaintiff could have unilaterally moved for voluntary dismissal at any time, as evidenced by the present motion.

Court that it must maintain the standards of the Patent Local Rules for the Northern District of California . . . ." (Mot. at 4.) To the contrary, the Court explicitly noted this obligation at the initial case management conference on July 28, 2015. Again, the instant motion is merely an obvious effort by the plaintiff to escape the inevitable consequences of its own failures.

### C.  Terms of Dismissal

The defendant seeks the right to seek attorneys' fees and costs in connection with this dismissal. "[A] defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Optimal Markets, Inc.*, 2009 WL 1704665, at *4 (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).) Because the defendant's counterclaims remain pending, the Court makes no award of attorneys' fees and costs at this time.

## IV.  ORDER TO SHOW CAUSE

In its opposition brief to the motion for voluntary dismissal, the defendant persuasively argues the Court should enter judgment on its counterclaims of non-infringement in light of the facts outlined above—namely, the preclusive effect of Judge Corley's September 26, 2015 Order, now preventing the plaintiff from introducing any evidence of infringement as to the asserted patents and accused products at issue in this case. *See Shared Memory Graphics, LLC v. Apple Inc.*, No. C 10-2475, 2011 WL 5320749, at *3 (N.D. Cal. Nov. 2, 2011) (finding an order striking infringement contentions without leave to amend, such that the plaintiff cannot introduce evidence of infringement by the accused products, "goes beyond the ordinary scope of discovery orders and becomes dispositive"). However, a separate motion has not been filed.

Accordingly, the parties are hereby **ORDERED TO SHOW CAUSE** why (1) judgment should not enter in favor of the defendant on the defendant's counterclaims for a declaratory judgment of non-infringement as to each of the five patents-in-suit, and (2) the counterclaims for declaratory judgment of invalidity should not be dismissed without prejudice. A hearing on this Order to Show Cause shall be held on Friday, **May 15, 2015**, on the Court's **9:01 a.m.** Calendar in the Federal Courthouse located at 1301 Clay Street, Oakland, California, in Courtroom 1. Any objections to entry of (1) judgment on the counterclaims for declaratory judgment of non-

United States District Court
Northern District of California

infringement in favor of the defendant and (2) dismissal without prejudice on the counterclaims for declaratory judgment of invalidity must be filed by no later than **May 11, 2015**.  Any such objection shall not exceed ten (10) pages.  If no objection is filed by that date, the hearing shall be taken off calendar and the parties shall submit proposed orders and proposed forms of judgment by **May 15, 2015**.

**V.    CONCLUSION**

For the foregoing reasons, plaintiff's claims in this action are **DISMISSED WITH PREJUDICE**.

This Order terminates Docket Numbers 61 and 70.

**IT IS SO ORDERED.**

Dated: May 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**