IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § § § | |
| *Plaintiff*, | § § | Case No. 14-cv-1647-YGR |
| v. | § § § | JURY TRIAL DEMANDED |
| **ADOBE SYSTEMS INC.,** | § § § | |
| *Defendant*. | § § | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE  (DKT. 74)**

Plaintiff Blue Spike, LLC files its response to the Court's order to show cause as to why the Court should not *sua sponte* find in favor of Defendant Adobe's counterclaims of non-infringement.   The objections that Plaintiff raises are as follows:


**1. There is no Case or Controversy to Find in Favor of Adobe's Counterclaims.**

Under *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056 (Fed. Cir. 1995), there would be no case or controversy since the Court has dismissed Plaintiff's claims of infringement with prejudice.   (Dkt. 74.)   Here, the Court has sua sponte denied Plaintiff's motion for voluntary dismissal and instead dismissed Plaintiff's claim with prejudice.

Accordingly, there is no longer a case or controversy under *Super Sack*, to rule upon pending counterclaims.


**2. There is no factual basis to entitle Defendant Adobe to prevail on its Counterclaims of Non-Infringement.**

After meeting and conferring on the sufficiency of Blue Spike's infringement contentions, Adobe filed a motion to strike Blue Spike's infringement contentions. In response, Blue Spike amended its infringement contentions to streamline the case, but did not do so timely enough for the Court's briefing schedule. However, Blue Spike did take out accused products that relied upon the accused functionality, and also limited its infringement contentions to only direct infringement. (Dkt. 53-1 (Ex. A).) On December 29, 2014, Blue Spike filed its opposition explaining that it had agreed to the items that Adobe requested at a recent teleconference with the ADR coordinator. (Ex. 53.)

> After a constructive meet and confer with Adobe during a recent ADR advisor teleconference, Blue Spike, LLC has reduced the number of accused products to address Adobe's main issue, streamline the discovery process and reduce costs for all parties involved.
> Accordingly, Plaintiff requests that the Court deny Defendant's motion to strike as moot without prejudice. If Adobe has concerns with the supplemental infringement charts and reduced number of accused products that Blue Spike has provided to Adobe to appease it in this computer software intensive patent infringement litigation after a meet and confer with Blue Spike, Adobe may re-file its motion to strike Blue Spike's infringement contentions.

(Dkt. 53.)

Over Federal Holidays, Blue Spike filed its opposition thinking its revised infringement contentions had satisfied the concerns of Adobe. However, at the hearing on Adobe's Motion to Strike, it became apparent that Blue Spike had not met its burden under the N.D. Cal. Patent Local Rules. In fact, the Court indicated Blue Spike would not be able to amend its infringement contentions in a way to meet the standard of the patent local rules. With that knowledge now squarely presented to Blue Spike, it approached Adobe to dismiss its claims without prejudice.

2

Adobe declined. Then, Blue Spike suggested dismissing its claims with prejudice and each side bear its own costs and fees, and Adobe also declined.

Thus, Adobe forced Blue Spike to file an opposed motion for voluntary dismissal under Rule 41. Blue Spike thought this approach proper given the case being prior to the beginning of discovery being allowed and prior to Defendant filing a motion for summary judgment.

In fact, as a result of the early nature of the case, Adobe has not even responded to any non-infringement contention interrogatories to provide even a factual basis for a ruling in its favor. Even Adobe's counterclaims if taken as true, do not name a single product offering. A Plaintiff's failure to satisfy a patent local rule requirement to prove infringement cannot morph into a finding of no infringement for the accused infringer in a declaratory judgment. To interpret the patent local rules in such a way, it would ignore the patent local rules for a party seeking declaratory judgment and exempt the defendant of the requirements of Rule 56(a). *See* Fed.R.Civ.P. 56(a) ("there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Furthermore, the court should state on the record the reasons for granting or denying the motion. Here, there was no motion to grant. Instead, the Court sua sponte ordered Plaintiff to show cause without any factual basis other than procedurally Plaintiff was not able to meet its burden of showing infringement under the patent local rules. It does not follow that Defendant met its burden to prove non-infringement.

**3. Adobe's counterclaims for non-infringement are not specific enough to be enforceable or adjudicated.**

Even if the Court wanted to rule in favor of Adobe's counterclaims of no infringement, Adobe does not provide sufficient detail to allow the Court to do so.  In fact, to allow such relief to a defendant that has said to Blue Spike – Adobe sold the accused functionality to Adobe and then to the Court indicate it has no idea what infringed would be severely prejudicial to a Plaintiff, like Blue Spike, denied any discovery in this litigation.

**4.  Patent Local Rules Cannot Trump the Federal Rules of Civil Procedure.**

The Court's finding of sua sponte no infringement based upon a procedural determination that a plaintiff cannot meet its burden of proving infringement in a software intensive accused product infringement case, makes the patent local rules be in direct conflict with the Federal Rules of Civil Procedure, allowing for discovery and requiring a party to present a factual basis to obtain a finding of law to which a defendant is deemed legally entitled too.  Here, Adobe has not met its burden to receive a finding of no infringement on any of its products.  Again, it did not even identify any products to which it purports to not infringe the patents-in-suit.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully files its objections as requested by the Court.  Blue Spike is willing to enter into a consent decree as outlined in Super Sack, just objects to a finding of no infringement as there is no factual basis in which to do so and it results in a vague judgment that is not enforceable or explanatory to the public.

.

        Respectfully Submitted,

        <u>/s/ Randall T. Garteiser</u>
        Randall T. Garteiser
          California Bar No. 231821
          rgarteiser@ghiplaw.com
        Christopher A. Honea
          California Bar No. 232473
          chonea@ghiplaw.com
        Ian N. Ramage
          California Bar No. 224881
          iramage@ghiplaw.com
        Kirk J. Anderson
          California Bar No. 289043
          kanderson@ghiplaw.com
        **GARTEISER HONEA, P.C.**
        218 N. College Ave.
        Tyler, Texas 75702
        Telephone:  (903) 705-7420
        Facsimile:  (888) 908-4400

        ***Counsel for Blue Spike LLC***

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5-1 on December 29, 2014.

                                                    /s/ Randall T. Garteiser
                                                    Randall T. Garteiser