1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    **BLUE SPIKE, LLC**,                          Case No.  14-cv-01647-YGR

               Plaintiff,
8
                                              **ORDER RE: COUNTERCLAIMS**
9         v.

10   **ADOBE SYSTEMS, INC.**,

               Defendant.
11

12        On May 4, 2015, the Court issued an order granting voluntary dismissal with prejudice as

13   to the plaintiff's claims and issuing an order to show cause ("OSC").  (Dkt. No. 74.)  The OSC

14   asked why the Court should not enter judgment on the defendant's counterclaims of non-

15   infringement in light of the "preclusive effect" of Judge Corley's January 26, 2015 Order striking

16   the plaintiff's infringement contentions, "now preventing the plaintiff from introducing any

17   evidence of infringement as to the asserted patents and accused products at issue in this case."  (*Id.*

18   (citing *Shared Memory Graphics, LLC v. Apple Inc.*, No. C 10-2475, 2011 WL 5320749, at *3

19   (N.D. Cal. Nov. 2, 2011) (finding an order striking infringement contentions without leave to

20   amend, such that the plaintiff cannot introduce evidence of infringement by the accused products,

21   "goes beyond the ordinary scope of discovery orders and becomes dispositive")).)[1]

22        According to the defendant, the plaintiff initially represented it did not intend to object to

23   the contemplated course.  (Dkt. No. 77-1.)  Nevertheless, the plaintiff ultimately filed an objection

24   in response to the OSC, arguing against entry of judgment on the counterclaims of non-

25   infringement in favor of the defendant.  (Dkt. No. 75.)  At the Court's request, the defendant

26

27        [1] The OSC also contemplated dismissal of the defendant's invalidity counterclaims without
28   prejudice.  Neither party objected to that proposed outcome.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    thereafter filed a response to the plaintiff's objection.  (Dkt. No. 77.)

2          In opposing the proposed course, the plaintiff first suggests there is no longer a case or

3    controversy warranting entry of judgment on the counterclaims, citing *Super Sack Mfg. Corp. v.*

4    *Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) (The estoppel caused by "Super Sack's

5    promise not to sue . . . removes from the field any controversy sufficiently actual to confer

6    jurisdiction over this case.").  As noted by the defendant, however, that case is readily

7    distinguishable from the instant circumstances.  In *Super Sack*, the plaintiff had already filed a

8    binding promise not to sue the defendant, conclusively eliminating the controversy at issue

9    between the parties.  Here, the plaintiff has merely stated that it is "willing to enter into a consent

10   decree as outlined in *Super Sack*"—but has not done so.[2]  Second, without directly addressing,

11   distinguishing, or providing contrary authority to *Shared Memory*, the plaintiff unpersuasively

12   argues "a Plaintiff's failure to satisfy a patent local rule requirement to prove infringement cannot

13   morph into a finding of no infringement for the accused infringer in a declaratory judgment."

14   (Dkt. No. 75 at 3.)  As in *Shared Memory*, the plaintiff is now unable to put forth evidence of

15   infringement, and therefore entry of judgment for the defendant on its counterclaims of non-

16   infringement is a foregone conclusion.[3]  Third, the plaintiff argues the defendant's counterclaims

17   for non-infringement are impermissibly broad—but, as noted by the defendant, they mirror the

18   breadth of the plaintiff's own infringement claims, and thus this argument suggests bad faith by

19   the plaintiff either now or at the outset of the case.  The plaintiff's fourth and final argument is

20   largely unintelligible and, again, appears to rely on a mistaken belief that the defendant, and not

21

22          [2] (Dkt. No. 75 at 4.)  According to the defendant, "Blue Spike's Response makes clear that
23   it is ***still quibbling*** with the scope of Adobe's counterclaims of non-infringement, clearly
     demonstrating that Blue Spike is not prepared to provide a covenant that extinguishes all claims
     against any past and current Adobe products."  (Dkt. No. 77 at 2 (emphasis in original).)

24          [3] Contrary to the plaintiff's suggestion (made without any supporting legal citation) that
25   the defendant bears the burden of proof on its counterclaims for non-infringement, "[i]t has long
     been established that the patent owner has the burden to prove infringement."  *Yufa v. Lockheed*
26   *Martin Corp.*, 575 F. App'x 881, 886 (Fed. Cir. 2014) (citing *Medtronic, Inc. v. Mirowski Family*
     *Ventures, LLC*, 134 S. Ct. 843, 849 (2014)); *see also Apple, Inc. v. Samsung Electronics Co.*, No.
27   12-CV-00630, 2014 WL 4443407, at *18 (N.D. Cal. Sept. 8, 2014) (granting summary judgment
     on non-infringement counterclaim where the patentee presented no evidence of infringement at
28   trial).

2

1    the plaintiff as patentee, bears the burden in seeking a declaratory judgment of non-infringement.

2    Having been provided with no persuasive argument or authority by the plaintiff to warrant

3    a departure from the approach adopted in *Shared Memory*, the Court finds entry of judgment for

4    the defendant on its counterclaims for non-infringement warranted in light of the circumstances

5    detailed in the May 4, 2015 Order.  The defendant shall prepare and file a proposed form of

6    judgment addressing all of its counterclaims as provided herein, approved as to form by the

7    plaintiff, within five (5) business days from the date of this Order.

8    The OSC hearing set for June 5, 2015 is hereby **VACATED**.

9    **IT IS SO ORDERED.**

10   Dated: May 20, 2015

11

12   **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT JUDGE**