UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BLUE SPIKE, LLC**,

    Plaintiff,

  v.

**ADOBE SYSTEMS, INC.**,

    Defendants.

Case No. 14-cv-01647-YGR

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Re: Dkt. No. 106

On July 31, 2015, plaintiff Blue Spike, LLC moved for an extension of time to file its Notice of Appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). (Dkt. No. 106 ("Mot.").) Defendant Adobe Systems, Inc. opposes the motion. (Dkt. No. 107 ("Oppo.").)

Rule 4(a)(1) specifies a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, Rule 4(a)(5)(A) allows a party to move, within 30 days from the expiration of that deadline, for an extension based upon a showing of "excusable neglect or good cause."

The Court entered final judgment in favor of defendant in this patent case on June 2, 2015. (Dkt. No. 80.) On July 2, 2015—30 days later and, as noted above, the deadline for filing a notice of appeal—plaintiff filed its first Notice of Appeal to the Ninth Circuit. (Dkt. No. 87.) The document was rejected as plaintiff used an improper filing event and did not pay the required fee. Thereafter, on July 6, 2015, past the deadline, plaintiff filed a second Notice of Appeal, also to the Ninth Circuit, but utilizing the correct filing event and paying the required fee. (Dkt. No. 88.) Later that same day, plaintiff filed a "correct[ed]" Notice of Appeal, this time to the Federal Circuit. (*See* Dkt. Nos. 89, 106-2.)

Here, plaintiff filed its request for an extension 29 days after the deadline for filing a notice of appeal, within the timeframe allowed under Rule 4(a)(5)(A). The Court considers four factors

in determining whether the late filing was due to excusable neglect under Rule 4(a)(5)(A): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The weighing of these factors is left to the discretion of the district court. *Pincay*, 389 F.3d at 860.

As to the first factor, defendant has failed to identify any concrete prejudice it will suffer if this motion is granted as a result of the late-filed Notice of Appeal, other than asserting its belief that the appeal itself is frivolous. Thus, this factor weighs in favor of granting the motion.

The second factor also weighs in plaintiff's favor. The delay in question was four days. Defendant has not indicated how such a minimal delay would impact proceedings.

The third factor, however, weighs against granting the motion. The dismissal in question was due to plaintiff's failure to follow the Court's rules. The plaintiff's repeated failure to name the proper appellate court is another example of such carelessness. For instance, on July 9, 2015, plaintiff still appeared unsure of the proper court to which it should direct its appeal, writing to defendant:

> You raise a good question. Where does Adobe believe the final judgment should be appealed to—the Ninth Circuit or Federal Circuit?

(Dkt. No. 107-1 at 13.) Therefore, the error in question was not merely ministerial. The errors of counsel in improperly filing the document and listing the wrong appellate court are properly attributed to plaintiff. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 397 ("[I]n determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable.") (emphasis in original).

Finally, the fourth factor favors plaintiff. The circumstances do not suggest any bad faith. Balancing the factors, the Court finds the failure constituted excusable neglect.

In light of the foregoing, the request for an extension is **GRANTED**. The deadline is hereby

retroactively extended to **July 6, 2015**.

This Order terminates Docket Number 106.

**IT IS SO ORDERED.**

Dated: August 11, 2015

                                                                    _____
                                                                    **YVONNE GONZALEZ ROGERS**
                                                                    **UNITED STATES DISTRICT COURT JUDGE**