UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLUE SPIKE, LLC**,<br>　　　　Plaintiff,<br>　　v.<br>**ADOBE SYSTEMS, INC.**,<br>　　　　Defendant. | Case No.  14-cv-01647-YGR<br><br>**ORDER DENYING ADOBE'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 83 |

On June 2, 2015, the Court entered Final Judgment in favor of defendant Adobe Systems, Inc. in this patent infringement suit brought by plaintiff Blue Spike, LLC asserting patents which broadly claim computer-based content comparison methods and systems. (Dkt. No. 80.) Thereafter, defendant filed a motion seeking attorney's fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, Federal Rules of Civil Procedure 41 and 54(d), Civil Local Rules 1-4, and the Court's inherent power to impose sanctions. (Dkt. No. 83 ("Mot.") at 1.) Defendant sought fees in the amount of $762,103.40. (*Id.*)[1] Plaintiff opposed the motion. (Dkt. No. 95.)

Having carefully considered the papers submitted[2] and the record in this case,[3] and good

---

[1] The amount sought increased to $872,103.40 in defendant's reply brief due to "$110,000 in additional fees incurred" after the motion was filed. (Dkt. No. 102-4 at 1; *see also* Dkt. No. 104 ¶¶ 3-6.) This substantial amount was apparently derived solely from hours billed in connection with preparing and briefing the pending motion for attorney's fees.

[2] Both parties have also filed motions to seal, in connection with the opposition and reply briefs. (Dkt. Nos. 98, 102.) The motions seek to seal contractually confidential terms of settlement agreements and settlement discussions. The Court finds the requests are sufficiently justified under the applicable "good cause" standard and therefore **GRANTS** the motions to seal the designated, narrowly-tailored excerpts of the documents in question. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also Prosurance Grp., Inc. v. Liberty Mut. Grp.*, Inc., No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (granting in part motion to seal filings reflecting terms of confidential settlement agreement).

[3] The Court has determined that the motion is appropriate for decision without oral

cause shown, the Court hereby **DENIES** the motion.

## I. LITIGATION HISTORY

Blue Spike has filed approximately 100 patent infringement lawsuits, including 57 within the Eastern District of Texas between August and October 2012. (Dkt. No. 84 ("Fisher Decl.") ¶ 27.) The initial and amended complaints identified the following as infringing products: Adobe Auditude, Project Primetime, Auditude's Connect 2.0, and Auditude's Connect Platform. (Dkt. No. 1 ¶ 27; Dkt. No. 43 ¶ 27.)

Defendants filed a motion to transfer to the Northern District of California, which was granted on March 13, 2014. (Dkt. No. 14.) On January 26, 2015, Magistrate Judge Jacqueline Scott Corley granted defendant's motion to strike plaintiff's improper infringement contentions, with leave to amend. (Dkt. No. 57.) Thereafter, plaintiff filed a motion to dismiss without prejudice in lieu of serving an amended set of infringement contentions. (Dkt. No. 61.) The Court found this filing to be a "transparent attempt to circumvent the impact of Judge Corley's ruling" and, in light of plaintiff's "failure to comply with the local rules," dismissed its claims with prejudice. (Dkt. No. 74 at 4.) The Court ultimately granted judgment for defendant on certain of its counterclaims for non-infringement. (Dkt. Nos. 78, 80.)

Blue Spike also sued Google Inc. ("Google") for infringement of the same patents at issue in this case. On September 8, 2015, after the pending motion for attorney's fees was fully briefed, the Court granted Google's motion for judgment on the pleadings, invalidating the 31 asserted claims—spanning all five patents—at issue in the motion. *See Blue Spike, LLC v. Google Inc.*, No. 14-CV-01650, 2015 WL 5260506, at *1, *6 (N.D. Cal. Sept. 8, 2015) ("At a high level, the patents contemplate determining whether one piece of content—e.g., a picture, a song, or a video—matches another, or the extent to which they are similar. . . . [G]iven the patents claim an abstract idea but lack any inventive concept, they fail to meet the legal standard for patentability").

---

argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## II. LEGAL STANDARDS

### A. 35 U.S.C. § 285

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The determination of what is "exceptional" is a made in exercise of the court's discretion taking into account the totality of the circumstances. *Id.* The court considers such factors as evidence of bad faith litigation, objectively unreasonable positions, or improper conduct either before the Patent and Trademark Office or the court. *See id.* at 1756-57. In short, attorneys' fees under 35 U.S.C. § 285 are awarded "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. A district court's determination under this statute is reviewed for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014).

### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under this section requires a finding of "subjective bad faith," where counsel "knowingly or recklessly raise a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal quotations omitted).

### C. Sanctions Under the Court's Inherent Power

The Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001) (finding "mere recklessness, without more, does not justify sanctions under a court's inherent

3

1 power" but that "[s]anctions are available for a variety of types of willful actions, including
2 recklessness when combined with an additional factor such as frivolousness, harassment, or an
3 improper purpose").

**III.   DISCUSSION**

Defendant seeks to paint a picture of a wholly unreasonable plaintiff attempting to "extort[] a nuisance value settlement" while engaging in "vexatious and oppressive behavior designed to increase Adobe's legal expenses" even though plaintiff's infringement contentions were eventually "demonstrated to be entirely baseless." (Mot. at 2.) Defendant premises this argument, in large part, on its contention that it had acquired Auditude in November 2011, after that company's potentially infringing products had been spun-off into a new entity, IntoNow, which was ultimately sold to third-party Yahoo Inc. (Mot. at 4.) Defendant, however, apparently concedes there was at least a colorable basis for an infringement case against it, as it "briefly serviced a few legacy Auditude digital fingerprinting customers as an IntoNow licensee before permanently shutting down the fingerprinting services in January 2012—months before this action was filed." (Mot. at 4 n.6.) In its reply, defendant contends only its "ad insertion" technologies were specifically named in the complaint and infringement contentions, not those legacy fingerprinting technologies. The Court cannot determine at this time, however, whether any of the specific products identified would have arguably fallen within the scope of the claims.[4] Defendant's attorney argument on this point is insufficient to justify an award of fees under section 285 or as a sanction. While plaintiff's conduct was less than ideal throughout the litigation and, in particular, as it drew to a close, the Court is not convinced that this was an "exceptional case," or that counsel acted with "subjective bad faith." The Court also declines to award sanctions under its inherent power in light of the relevant circumstances.

Dismissal of plaintiff's claims with prejudice and entry of judgment in favor of defendant was the appropriate outcome stemming from defendant's failure to remedy its flawed infringement

---

[4] For instance, in support of its position, defendant submits letters that it sent to defendant presenting similar unsupported assertions regarding its purported lack of any infringing source code. (*See, e.g.*, Fisher Decl., Ex. 23.)

contentions. (*See* Fisher Decl., Ex. 12.) Nothing more is required.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion for attorney's fees.

This Order terminates Docket Numbers 83, 98, 102.

**IT IS SO ORDERED.**

Dated: September 18, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**